1  Kathryn S.M. Mosely, Esq. California SBN 92852
   Lee M. Moulin, Esq., California SBN 232843
2  LEIBL, MIRETSKY & MOSELY, LLP
   5014 Chesebro Rd.
3  Agoura Hills, CA 91301
   (818) 380-0123
4  (818) 380-0124 (Fax)
   lmoulin@jmll.com
5  kmosely@jmll.com

6

7  Attorneys for Defendants, CEDARS-SINAI MEDICAL CENTER, erroneously
   sued as CEDAR SINAI, PEGGY MILES, M.D., KIRAN GOLLAPUDI, M.D., and
   DENNIS JOSEPH THUM, M.D., erroneously sued as JOSEPH THUM, M.D.
8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | CARL D. MENDLOW,              | No.:  LACV1901771-JFW-FFMX
13 |                               |
   |        Plaintiff              | **DEFENDANTS' CEDARS-SINAI**
14 |                               | **MEDICAL CENTER, PEGGY**
   |        vs.                    | **MILES, M.D., KIRAN**
15 |                               | **GOLLAPUDI, M.D., and DENNIS**
   | KEITH KLEIN; KIRAN GOLLAPUDI; | **THUM, M.D.'s MOTION TO**
16 | HEALTH NET MEDI-CAL; CEDARS   | **DISMISS COMPLAINT**
   | SINAI; PEGGY MILES; JOSEPH    | **PURSUANT TO *FEDERAL RULES***
17 | THUM; OLYMPIA MEDICAL         | ***OF CIVIL PROCEDURE* RULE**
   | CENTER; BABAK BAMSHAD;        | **12(B)(6)**
18 | MARIO ROSENBERG; M MICHAEL    |
   | SOFFER; MEDICAL PROVIDERS IN  |
19 | THE BEVERLY HILLS, LONG       | **Date:**      July 29, 2019
   | BEACH AND SOUTHERN            | **Time:**      1:30 p.m.
20 | CALIFORNIA REGION; COVERED    | **Courtroom:** 7A
   | CALIFORNIA                    |
21 |                               |
   |        Defendants,            |
22 |                               |
23 |                               |

24

25 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

26         PLEASE TAKE NOTICE THAT on July 29, 2019 at 1:30 p.m. or as soon as

27 the matter may be heard in Courtroom 7A of the United States District Court for

28
                                       1
   DEFENDANTS' CEDARS-SINAI MEDICAL CENTER AND PEGGY MILES,
   M.D.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO
                         RULE 12(B)(6)

1   the Central District of California, Western Division, located at 350 W. 1st Street,

2   Los Angeles, CA 90012, Courtroom 7A, before the Honorable John F. Walter,

3   Defendants Cedars-Sinai Medical Center ("CSMC"), Peggy Miles, M.D. ("Dr.

4   Miles"), Kiran Gollapudi, M.D. ("Dr. Gollapudi"), and Dennis Thum, M.D. ("Dr.

5   Thum") (collectively "defendants"), will and hereby do move, pursuant to *Federal*

6   *Rules of Civil Procedure* Rule 12(b)(6) for an order dismissing Plaintiff's

7   Complaint ("Complaint").

8          The Motion to Dismiss ("Motion") is made on the following grounds:

9   1.    Plaintiff failed to adequately plead the elements of a cause of action for

10         violation of the *Sherman Act*, 15 *U.S.C.* § 1, under Federal Rule 12(b)(6).

11  2.    Plaintiff failed to adequately plead the elements of a cause of action for

12         violation of the *Sherman Act*, 15 *U.S.C.* § 2, under Federal Rule 12(b)(6).

13         The Motion is based on this Notice, the accompanying Memorandum of

14  Points and Authorities, and on such other authorities and argument as may be

15  presented to the Court at the hearing on this Motion.

16         This Motion is made following the conference of defense counsel and

17  Plaintiff in Pro Per, pursuant to L.R. 7-3, which took place on May 15, 2019.

18  DATED:   6/7/19                        LEIBL, MIRETSKY & MOSELY, LLP

19

20                                    By:

21                                        Kathryn S.M. Mosely, Esq.
                                          Lee M. Moulin, Esq.
22                                        Attorneys for Defendants, CEDARS-
                                          SINAI MEDICAL CENTER, PEGGY
                                          MILES, M.D., KIRAN GOLLAPUDI,
23                                        M.D., and DENNIS THUM, M.D.

24

25

26

27

28

2
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO RULE 12(B)(6)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Complaint attempts to fashion claims for violations of the *Sherman Act*, which prohibits the illegal restraint of trade and the creation of monopolies, from allegations that Plaintiff was refused subsidized non-emergent medical care. Under the pleading standard required in antitrust cases, Plaintiff must do more than simply conclude that a *Sherman Act* violation exists in order to get past a Motion to Dismiss pursuant to Rule 12(b)(6). Given the absence of any factual allegations plausibly suggesting an antitrust injury or any unlawful anticompetitive agreement or conduct the Complaint must be dismissed.

Counsel for moving defendants and plaintiff in pro per participated in a telephone conference to discuss the subjects set forth in this Motion, in an effort to avoid the necessity of filing this Motion, on May 15, 2019. A Joint Statement was not prepared/filed reflecting that conference because Plaintiff stated his intention to file an amended complaint. To date, plaintiff has not filed an amended complaint and, thus, defendants file this Motion to preserve their rights.

## II.

## SUMMARY OF ALLEGATIONS PLED

Plaintiff's Complaint alleges that defendants conspired to deny Plaintiff access to adequate medical care and health insurance coverage from November 2014 to November 2015. Complaint, Page 1. The Complaint alleges that "hospitals" did not "adequately" treat his urology complications and referred him to "outside providers" for further treatment. Complaint, Page 2, Paragraph 2. The Complaint alleges that "outside providers" refused to accept Plaintiff as a patient because he was insured through Medi-Cal and refused to pay the reasonable and customary rates for their services. Complaint, Page 2, Paragraph 2. Finally, the Complaint alleges that Covered California refused to provide Plaintiff with health

3

1 insurance coverage because Plaintiff did not meet income qualifications for

2 coverage.  Complaint, Page 2, Paragraph 2.  The Complaint contains no specific

3 allegations as to CSMC, Dr. Miles, Dr. Gollapudi, or Dr. Thum.

4      The Complaint seeks "money damages," punitive damages, attorney's fees,

5 injunctive relief, and other relief as the court deems just.  Complaint, Page 3.

6 **II.**

7 **LEGAL STANDARD**

8 **A.**   **Motion to Dismiss Under Rule 12(b)(6)**

9      Plaintiff's antitrust claims must be dismissed pursuant to Rule 12(b)(6) of

10 the *Federal Rules of Civil Procedure*.  A Rule 12(b)(6) Motion to Dismiss

11 functions to test the legal sufficiency of the claims, as stated in the complaint, and

12 authorizes dismissal where the facts alleged fail to support a claim upon which

13 relief can be granted.  *Fed. R. Civ. P*. Rule 12(b)(6); *De La Cruz v. Tormey* (9th Cir.

14 1978) 582 F.2d 45, 48.

15      To survive a Motion to Dismiss, the complaint must plead facts to show that

16 a plaintiff is entitled to relief, i.e. "a formulaic recitation of the elements of a cause

17 of action will not do." *Bell Alt. Corp. v. Twombly* (2007) 550 U.S. 544, 555

18 ("*Twombly*").  Where there is no "cognizable legal theory or an absence of

19 sufficient facts alleged under a cognizable legal theory" dismissal is proper.

20 *Navarro v. Block* (9th Cir. 2001) 250 F.3d 729, 732.  The Court is not required to

21 accept as true "allegations that are merely conclusory, unwarranted deductions of

22 fact, or unreasonable inferences," nor is the Court required to assume that Plaintiff

23 can prove facts or violations that have not been alleged.  *Sprewell v. Golden State*

24 *Warriors* (9th Cir 2001) 266 F.3d 979, 988; *Assoc. Gen. Contractors of Cal, Inc. v.*

25 *Cal. State Council of Carpenters* (1983) 459 U.S. 519, 526.  Finally, it is not

26 proper, on a Motion to Dismiss, for the court to "assume the truth of legal

27 conclusions merely because they are cast in the form of factual allegations."

28 *Warren v. Fox Family Worldwide, Inc.* (9th Cir. 2003) 328 F.3d 1136, 1139.

4

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS<br>PURSUANT TO RULE 12(B)(6)

### B.  <u>*Sherman Act* §§ 1 and 2 Violations</u>

In order to establish a violation of § 1 of the *Sherman Act*, the Complaint must allege facts showing (1) concerted action among two or more independent entities; (2) done with the intent to harm or restrain trade; and (3) antitrust injury. *Kendall v. Visa U.S.A. Inc.* (9th Cir. 2008) 518 F.3d 1042, 1047-1051; *Brantley v. NBC Universal, Inc.* (9th Cir. 2012) 675 F.3d 1192, 1197.

In order to establish a violation of § 2 of the *Sherman Act*, the Complaint must allege facts showing (1) defendants' monopoly power in a relevant market; (2) exclusionary conduct, not simply growth or development as a consequences of superior product, business acumen, or historic accident; and (3) causal connection to an antitrust injury. *Metro Servs. Corp.* (9th Cir. 2004) 383 F.3d 1124, 1130; *Pepsico, Inc. v. Coca-Cola Co.* (2d Cir. 2002) 315 F.3d 101, 105.

### C.  <u>The Pleading Standard for *Sherman Act* Violations</u>

In *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 553-554 (hereinafter "*Twombly*") the United States Supreme Court held that conscious parallelism is not unlawful under the Sherman Act. *Id.* at 553-554.  Further, the court articulated the standard to determine if a Section 1 violation is sufficiently pled:

> [W]e hold that stating such a claim requires a complaint with enough
> factual matter . . . to suggest that an agreement was made.  Asking for
> plausible grounds to infer an agreement does not impose a probability
> requirement at the pleading stage; it simply calls for enough fact to
> raise a reasonable expectation that discovery will reveal evidence of
> illegal agreement . . . an allegation of parallel conduct and a bare
> assertion of conspiracy will not suffice.  Without more, parallel
> conduct does not suggest conspiracy, and a conclusory allegation of
> agreement at some unidentified point does not supply facts adequate
> to show illegality . . . A statement of parallel conduct, even conduct
> consciously undertaken, needs some setting suggesting the agreement

5

1    necessary to make out a § 1 claim; without that further circumstance

2    pointing toward a meeting of the minds, an account of a defendant's

3    commercial efforts stays in neutral territory.  An allegation of parallel

4    conduct is thus much like a naked assertion of conspiracy in a § 1

5    complaint:  it gets the complaint close to stating a claim, but without

6    some further factual enhancement it stops short of the line between

7    possibility and plausibility of "entitled to relief."

8    *Twombly* at 556-557.

9        The Ninth Circuit outlined the test of antitrust pleading sufficiency,

10   articulated by the *Twombly* Court, as follows:

11       [W]e begin by identifying the pleadings that, because they are no

12       more than conclusions, are not entitled to the assumption of truth.  We

13       disregard threadbare recitals of the elements of a cause of action,

14       supported by mere conclusory statements.  After eliminating such

15       unsupported legal conclusions, we identify well-pleaded factual

16       allegations, which we assume to be true, and then determine whether

17       they plausibly give rise to an entitlement to relief.  To survive a

18       motion to dismiss . . . plaintiff must plead factual content that allows

19       the court to draw the reasonable inference that the defendant is liable

20       for the misconduct alleged.

21   *Alvarez v. Chevron Corp.* (9th Cir. 2011) 656 F.3d 925, 930-931.

22       Facts "plausibly" give rise to relief if they are non-conclusory and make the

23   alleged misconduct more likely than an "obvious alternative explanation."

24   *Twombly* at 567.  The claims alleged by Plaintiff fail this test and the Motion

25   should be granted.

26                              **IV.**

27                         **LEGAL ARGUMENT**

28   A.    **Plaintiff's Allegations Under §§ 1 and 2 of the *Sherman Act* Fail to State**

6

1    **Claims Upon Which Relief Can Be Granted**

2          Notwithstanding the fact that Plaintiff has not identified a single legal

3    contract that restrains trade, Plaintiff contends that there is a conspiracy among

4    defendants—hospitals and private medical doctors in the Southern California

5    area—encompassing the following, allegedly anticompetitive, conduct: (1) not

6    adequately treating Plaintiff's urology complications; (2) referring Plaintiff to other

7    outside providers to treat his urology complications; (3) outside providers refusing

8    to provide treatment to Plaintiff because they do not accept his insurance; and (4)

9    Covered California refusing to cover Plaintiff because he did not qualify based on

10   his income.  These allegations are legally insufficient and are not based upon a

11   cognizable legal theory.  *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901

12   F.2d 696, 699.

13        **1.    Plaintiff Has Not (and Cannot) Established Antitrust Injury**

14          In order to state a claim for violation of §§ 1 or 2 of the *Sherman Act* the

15   Complaint must allege a plausible "antitrust injury." *Atlantic Richfield Co. v. USA*

16   *Petroleum Co.* (1990) 495 U.S. 328, 341-344.  The "antitrust injury" requirement

17   ensures that otherwise routine disputes are not brought as antitrust actions.  *Top*

18   *Mkts., Inc. v. Quality Mkts., Inc.* (2d Cir. 1998) 142 F.3d 90, 96.  Determining

19   whether an "antitrust injury" exists depends more on the logic of the complaint and

20   the theory of injury than on the actual evidence and, thus, is "well-suited to pre-

21   discovery disposition." *McCabe Hamilton & Renny, Co. v. Matson Terminals, Inc.*

22   (D. Haw. June 17, 2008) 2008 WL 2437739 at 4.

23          The Ninth Circuit has a four-part definition of "antitrust injury": (1)

24   unlawful conduct; (2) causing an injury to the plaintiff; (3) that flows from that

25   which makes the conduct unlawful; and (4) that is of a type that antitrust laws were

26   intended to prevent. *American Ad Mgmt., Inc. v. General Tel. Co.* (9th Cir. 1999)

27   190 F.3d 1051, 1055.  In short, "plaintiff must show how defendant's

28   anticompetitive conduct harms both competition and plaintiff." *Digital Sun v.*

7

1     *Toro Co.* (N.D. Cal. Mar. 22, 2011) 2011 WL 1044502 at 4.  Plaintiff does not and
2     cannot meet this standard.

3        Plaintiff alleges that his urology problems were not adequately treated at the
4     hospital and that he was, instead, referred to outside providers for follow-up care.
5     Complaint, Page 2.  Plaintiff alleges that outside providers refused to take him on
6     as a patient because he was insured through Medi-Cal and refused to pay their
7     reasonable and customary rates.  Complaint, Page 2.  Finally, Plaintiff alleges that
8     Covered California refused to provide him with health insurance because he did
9     not meet the income requirements.  Complaint, Page 2, Paragraph 2.  These
10    allegations do not amount to an "antitrust injury" for the purposes of pleading
11    violations of the *Sherman Act.*

12       First, Plaintiff has no legal right to non-emergent medical care or
13    government-subsidized health insurance and, thus, suffered no compensable injury.
14    There is no general right to healthcare recognized in the United States Constitution.
15    *Maher v. Roe* (1977) 432 U.S. 464, 469; *Harris v. McRae* (1980) 448 U.S. 297,
16    316-317 (no constitutional obligation to pay medical expenses of the indigent); 42
17    *U.S.C.* § 1395dd et seq (emergency room patients entitled to screening and
18    stabilization, only).  Thus, the conduct that plaintiff alleges—refusal to provide
19    non-emergent care—is not unlawful and, thus, his injury is not compensable.
20    Likewise, Plaintiff has no legal right to government-subsidized medical insurance
21    where he cannot meet the statutory requirements for such coverage.  *Patient*
22    *Protection and Affordable Care Act of 2010.*  42 *U.S.C.A.* § 18001 et seq. Thus, the
23    conduct that plaintiff alleges—refusal to provide health insurance—is not unlawful
24    and his injury does not flow from unlawful conduct.

25       Second, the conduct alleged by Plaintiff is, at most, parallel conduct by
26    various independent medical providers.  The Complaint fails to allege facts that
27    would plausibly suggest that the conduct was driven by an underlying agreement
28    or conspiracy among various unrelated medical providers.  To the contrary, the

1  facts alleged more plausibly suggest parallel conduct was driven by the economic

2  realities of operating medical practices in and around Beverly Hills, California.

3       Third, even if recovery was allowed generally for the above injuries, such

4  injuries are not "antitrust injuries" because they do no harm to the competitive

5  process or consumer welfare.  To the contrary, the only conceivable harm is to

6  plaintiff.

7     **2.**   <u>**Plaintiff Fails to Allege Facts to Show Restraint of Trade Under §§ 1**</u>

8       As a general rule, businesses are free to choose the parties with whom they

9  will deal, as well as the prices, terms, and conditions of that dealing.  *Pacific Bell*

10  *Telephone Co. v. Linkline Communications, Inc.* (2009) 555 U.S. 438, 448; *U.S. v.*

11  *Colgate & Co.* (1919) 250 U.S. 300, 307.

12       In order to sufficiently plead a claim under § 1, the Complaint must set forth

13  facts of a conspiracy, i.e. an agreement between two or more parties, which

14  unreasonably restrains competition.  *In re Rubber Chems. Antitrust Litigation*

15  (N.D. Cal. 2007) 504 F.Supp.2d 777, 780.  Such facts "must suggest a right to

16  relief that is more than merely conceivable, but plausible on its face." *Id.*

17  Moreover, the Ninth Circuit requires the "injury to competition beyond the impact

18  on a particular plaintiff" must be plausibly pled to survive a Motion to Dismiss.

19  *Perry v. Radio* (E.D. Wash. 2007) 504 F.Supp.2d 1043, 1046, aff'd 343 Fed. Appx.

20  240 (9th Cir. 2009).  Finally, only conduct that unreasonably restrains trade—

21  adversely impacts competitive conditions as they exist within the specific field of

22  commerce—violates the *Sherman Act. Thurman Indus., Inc. v. Pay 'N Pak Stores,*

23  *Inc.* (9th Cir. 1989) 875 F.2d 1369, 1373; *Gough v. Rossmoor Corp.* (9th Cir. 1978)

24  585 F.2d 381, 386.  The unreasonableness of an agreement is analyzed under a per

25  se rule of illegality or a rule of reason analysis.  *McDaniel v. Appraisal Inst.* (9th

26  Cir. 1997) 117 F.3d 421, 422.

27       The Complaint fails to set forth facts to plausibly suggest the existence of an

28  agreement between the various defendants, nor does the Complaint set forth facts

1  to plausibly suggest any anticompetitive effect on trade.  Undermining plaintiff's

2  own claim of an anticompetitive agreement with a motivation to stifle trade, the

3  Complaint alleges that providers refused to provide non-emergent medical services

4  *because* plaintiff did not agree to pay their individual reasonable and customary

5  rates, which is entirely lawful and permissible conduct.

6       **3.**     **Plaintiff Fails to Allege Facts to Show Monopolization Under § 2**

7       In order to prove monopolization for the purposes of a § 2 violation, plaintiff

8  must show that defendants (1) possessed monopoly power in the relevant market;

9  and (2) willfully acquired or maintained such market power as distinguished from

10  growth or development as a consequence of business acumen or historical

11  accident.  *United States v. Grinnell Corp.* (1966) 384 U.S. 563, 570-571; *Verizon*

12  *Communications Inc. v. Law Offices of Curtis V. Trinko, LLP* (2004) 540 U.S. 398,

13  407.  Plaintiff must also establish a causal antitrust injury which, as set forth above

14  in Section IV(A)(1), the Complaint lacks plausible allegations to establish an

15  antitrust injury.

16       **a.**     **Plaintiff Cannot Plausibly Allege Monopolization by Each (or Any)**

17                                   **Defendant**

18       It is well-settled that monopolization, for the purposes of a § 2 claim,

19  necessarily involves *one actor* with the power to control the market and exclude

20  competition.  *Rebel Oil Co. v. Atl. Richfield Co.* (9th Cir. 1995) 51 F.3d 1421,

21  1442-1443; *Midwest Gas Servs., Inc. v. Indiana Gas Co.* (7th Cir. 2003) 317 F.3d

22  703, 713.  The Complaint fails to plead facts plausibly supporting the existence of

23  monopolization because it asserts a § 2 claim against *all eleven defendants* in the

24  same market.

25       **b.**     **Plaintiff Cannot Allege Any of the Other Elements to State a Claim for**

26                                   **Monopolization**

27       As set forth in Section IV(A)(1), plaintiff cannot allege a causal antitrust

28  injury as the conduct engaged in by defendants—parallel conduct—is lawful.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO RULE 12(B)(6)

1   Because Plaintiff fails to allege collusive, anticompetitive conduct in support of his

2   § 1 claim, he clearly has not pled predatory conduct in support of his § 2 claim.

3   The Complaint utterly fails to state facts to show monopolistic intent.

4                                         V.

5                                   **CONCLUSION**

6          The Supreme Court's *Twombly* standard "teaches that a defendant should

7   not be forced to undergo costly discovery unless the complaint contains enough

8   detail . . . to indicate that the plaintiff has a substantial case." *Bissesur v. Indiana*

9   *Univ. Bd. of Trustees* (7th Cir. 2009) 581 F.3d 559, 603.  The Complaint is a

10  transparent attempt to fashion *Sherman Act* violations out of plaintiff's

11  dissatisfaction with his inability to obtain the medical care that he wants but cannot

12  afford.  Plaintiff's Complaint should be dismissed.

13  DATED:  6/7/19                        LEIBL, MIRETSKY & MOSELY, LLP

14

15                                        By:_____

16                                        Kathryn S.M. Mosely, Esq.
                                          Lee M. Moulin, Esq.
17                                        Attorneys for Defendants, CEDARS-
                                          SINAI MEDICAL CENTER, PEGGY
18                                        MILES, M.D., KIRAN GOLLAPUDI,
                                          M.D., and DENNIS THUM, M.D.

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO RULE 12(B)(6)

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 5014 Chesebro Road, Agoura Hills, California 91301.

On June 7, 2019, I served the foregoing document described as **DEFENDANTS' CEDARS-SINAI MEDICAL CENTER, PEGGY MILES, M.D., KIRAN GOLLAPUDI, M.D., AND DENNIS THUM, M.D.'S MOTION TO DISMISS COMPLAINT PURSUANT TO** *FEDERAL RULES OF CIVIL PROCEDURE* **RULE 12 (B)(6)** on the parties in this action by placing a true copy(ies) or the original(s) thereof enclosed in a sealed envelope(s) addressed as follows:

Plaintiff in Pro Se:
Carl Mendlow
4122 Lime Ave.
Long Beach CA 90211

Attorney for Defendant, Keith Klein, M.D.:        Telephone: (310) 297-9900
Joseph M. Radochonski, Esq.                       Facsimile: (310) 297-9800
Reback, McAndrews & Blessey, LLP
1230 Rosecrans Avenue
Suite 450
Manhattan Beach, California 90266

☑   **(BY MAIL)**
I placed said document in an envelope addressed as shown on the service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, said correspondence will be deposited with the United States Postal Service the same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on the date stated below to the addressed stated on the attached service list, following the firm's ordinary business practices.

☑   **(STATE)**
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 7, 2019, at Agoura Hills, California.

JIAN ZHANG

1