FILED

**United States District Court**

**Central District of California**

2019 JUN -7 PM 4:07

Jury Trial Demanded

LA CV19-1771 JFW

Carl David Mendlow

v.

Keith Klein, Kiran Gollapudi, Health Net Medi-Cal,, Cedars-Sinai Medical Center, Peggy Miles, Joseph Thum, Olympia Health Care, LLC, dba Olympia Medical Center, Babak Bamshad, Mario Rosenberg, Dr. Michael Soffer, Beverly Hills Urgent Care, Dr. Nadereh Tafreshi-Darabi, Dr. Farag, Long Beach Hospital, Reddy Urgent Care, Children's Hospital, Medical providers in the Beverly Hills, Long Beach and Southern California region, Covered California

Application to File Documents under Seal

**Facts**

1. The complaints in this case contain discussions about injuries to the male sexual function.
2. The complaints in this case challenge as libelous certain psychological reports entered by one of the defendants in a hospital medical records system
3. The complaint describes how the sexual injuries have already been abused by the Beverly Hills entertainment community to taunt, shock and defame the plaintiff and men in the community.
4. The complaint describes how psychological slander has historically been abused to cause severe harm to plaintiff's career, liberty and reputation.

**Argument**

Because these kinds of sexual and psychological references can easily be and have been abused for scandalous and libelous purposes plaintiff applies to the court to seal the complaint and further filings in this case or redact references to these sexual and psychological matters in the public filings in this case.

Sexual function is one of the most personal and confidential matters a person deals with. Psychological allegations are one of the most common weapons abused to defame. One of the purposes of this litigation is to challenge the abuse of psychological labeling as a political



weapon used to subject the person so labeled to social, professional economic and medical exclusion, aversion, contempt, ridicule, vilification, demonization and obloquy.

Allowing the public access to these psychological allegations and references to male sexual function only serves to circulate libelous statements and gratify the private spite of plaintiff's adversaries. These allegations and references have already been abused tio harm plaintiffs career, reputation, business interests and liberty.

**Cases**

<u>Foltz v State Farm Mutual Auto</u> 331 F3d 1122

> The common law right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so. *San Jose Mercury News,* 187 F.3d at 1102. In making the determination, courts should consider all relevant factors, including: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.

<u>Nixon v Warner Communications</u> 435 US 589, 598 It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common law right of inspection has bowed before the power of a court to insure that its records are not "used to gratify private spite or promote public scandal" through the publication of "the painful and sometimes disgusting details of a divorce case." *In re Caswell,* 18 R.I. 835, 836, 29 A. 259 (1893). *Accord, e.g., C. v. C.,* 320 A.2d 717, 723, 727 (Del.1974). *See also King v. King,* 25 Wyo. 275, 168 P. 730 (1917). Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, *Park v. Detroit Free Press Co.,* 72 Mich. 560, 568, 40 N.W. 731, 73735 (1888); *see Cowley v. Pulsifer,* 137 Mass. 392, 395 (1884) (per Holmes, J.); *Munzer v. Blaisdell,* 268 App.Div. 9, 11, 48 N.Y.S.2d 355, 356 (1944); *see also Sanford v. Boston Herald-Traveler Corp.,* 318 Mass. 156, 158, 61 N.E.2d 5, 6 (1945), or as sources of business information that might harm a litigant's competitive standing, *see, e.g., Schmedding v. May,* 85 Mich. 1, 6, 48 N.W. 201, 202 (1891); *Flecmir, Inc. v. Herman,* 40 A.2d 799, 800 (N.J.Ch.1945).



<u>Valley Broadcasting</u> 798 F. 2d 1294

"The common law right of access cannot, for example, be " 'used to gratify private spite or promote public scandal' through the publication of 'the painful and sometimes disgusting details of a divorce case.' " Warner Communications, 435 U.S. at 598, 98 S.Ct. at 1312 (quoting In re Caswell, 18 R.I. 835, 836, 29 A. 259 (1893)). Further, district courts may refuse "to permit their files to serve as reservoirs of libelous statements for press consumption," id. (citing Park v. Detroit Free Press Co., 72 Mich. 560, 568, 40 N.W. 731, 734-35 (1888)), "or as sources of business information that might harm a litigant's competitive standing." Id. (citing Schmedding v. May, 85 Mich. 1, 5-6, 48 N.W. 201, 202 (1891)).

5

<u>San Jose Mercury News v District Court</u> 187 F 3d
<u>Kamakana v. City and County of Honolulu</u> 447 F3d 1172, 1179

In general "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing public records exist when such court files might have become a vehicle for improper purposes such as the use of records to gratify private spite, promote public scandal circulate libelous statements or release trade secrets <u>Nixon v. Warner Communications</u> 435 US 589, 598.

Carl Mendlow
Plaintiff pro per
4221 Lime Avenue
949-375-9707