Christopher P. Wend, SBN 192948 - cwend@ljdfa.com
Victoria L. Gunther, SBN 143907 – vgunther@ljdfa.com
LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES
865 South Figueroa Street, 32nd Floor
Los Angeles, California 90017-5431
Telephone (213) 426-3600 • Facsimile (213) 426-3650

Attorneys for Defendant, MICHAEL SOFFER, M.D. (erroneously sued and served herein as MICHAEL SOFFER)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL DAVID MENDLOW, <br><br> Plaintiff, <br><br> vs. <br><br> KEITH KLEIN, KIRAN GOLLAPUDI, HEALTH NET MEDICAL, CEDAR SINAI, PEGGY MILES, JOSEPH THUM, OLYMPIA MEDICAL CENTER, BABAK BAMSHAD, MARIO ROSENBERG, MICHAEL SOFFER, MEDICAL PROVIDERS IN BEVERLY HILLS, LONG BEACH AND SOUTHERN CALIFORNIA REGION, COVERED CALIFORNIA, <br><br> Defendant. | Civil No.: LACV1901771-JFW-FFMx <br><br> Assigned to: Hon. John F. Walter <br> Courtroom 7A <br><br> **DEFENDANT MICHAEL SOFFER, M.D.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF VICTORIA L. GUNTHER, ESQ. IN SUPPORT** <br><br> DATE:   July 29, 2019 <br> TIME:    1:30 p.m. <br> LOCATION:  Courtroom 7A <br><br> TRIAL DATE: None Set <br> ACTION FILED: 3/11/19 |

TO PLAINTIFF IN PRO SE:

PLEASE TAKE NOTICE and notice is hereby given that on July 29, 2019 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Hon. John F. Walter in Courtroom 7A of the above-entitled court, located at 350 W. 1st Street, Los Angeles, California 90012, Defendant, MICHAEL SOFFER, M.D., will and hereby does move the

1 Court to dismiss the following causes of action in the First Amended Complaint against
2 him, pursuant to *Federal Rules of Civil Procedure*, Rule 12(b)(6), on the following
3 grounds:
4     1. The First Amended Complaint fails to state a claim upon which relief can be
5 granted for violation of 15 USC § 1.
6     2. The First Amended Complaint fails to state a claim upon which relief can be
7 granted for violation of 15 USC § 2.
8     3. The First Amended Complaint fails to state a claim upon which relief can be
9 granted for civil conspiracy.
10     Efforts to meet and confer with Plaintiff prior to filing this motion are discussed in
11 the Declaration submitted herewith.
12     This motion is based on this notice, the attached memorandum of points and
13 authorities, the documents, records and pleadings on file herein, and upon such further
14 oral and documentary evidence as may be admitted at the hearing of this motion.

Dated: June 27, 2019

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

By: /s/ Victoria L. Gunther
CHRISTOPHER P. WEND
VICTORIA L. GUNTHER
Attorneys for Defendant, MICHAEL SOFFER, M.D. (erroneously sued and served herein as MICHAEL SOFFER)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff CARL DAVID MENDLOW ("Plaintiff") filed his original Complaint on March 11, 2019, and he filed an Amended Complaint on June 7, 2019. Plaintiff represents himself in this action. The Defendants in this case are various health care providers, including Defendant MICHAEL SOFFER, M.D. ("Defendant" or "DR. SOFFER.") Plaintiff's very lengthy Amended Complaint contains numerous facts, allegations, and theories of liability against these medical providers. Plaintiff is essentially alleging that Defendants somehow (it is unclear how) engaged in some sort of conspiracy to charge him higher prices than he could afford as a Medi-Cal recipient and denied him access to care by a "healthcare supplier boycott." There are no specific allegations against DR. SOFFER, and his name is only mentioned in the caption.

Plaintiff's Amended Complaint appears to set forth four causes of action as follows: (1) Violation of 15 USC Sec 1; (2) Violation of 15 USC Sec 2; (3) Medical Malpractice; and (4) Civil Conspiracy. at pages 23-26. (Amended Complaint, pp 23-26.) DR. SOFFER asks that the court dismiss the first, second and fourth of these causes of action without leave to amend.

## II. APPLICABLE PLEADING STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The Defendant must be given "fair notice of what the claim is and the grounds upon which it rests." (*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555.) As the Court explained in *Twombly*, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." (*Id.*, at 555, fn. 3.) That showing must consist of more than "naked assertion[s] devoid of further factual enhancement." (*Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678.)

Discussing this pleading standard, the Court in *Ashcroft* addressed its holding in *Bell Atlantic Corp. v. Twombly, supra,* and stated that Rule 8(a)(2) calls for "sufficient

\\ljdfalaapp1\d
ocuments\903
.40864\0003-
vlg-pld-12b6
motion to

- 3 -

LACV1901771-JFW-FFMx

DEFENDANT MICHAEL SOFFER, M.D.'S NOTICE OF MOTION AND
MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' (citation omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (Citation omitted.)" (*Ashcroft, supra,* at 663.)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. (*Caltex Plastics, Inc. v. Lockheed Martin Corp.* (9th Cir. 2016) 824 F.3d 1156, 1159; *Johnson v. Riverside Healthcare Sys., LP* (9th Cir. 2008) 534 F.3d 1116, 1121; *Navarro v. Block* (9th Cir. 2001) 250 F.3d 729, 732.)

A motion to dismiss pursuant to Rule 12(b)(6) should be granted if the complaint does not allege fact sufficient to "raise a right to relief above a speculative level…" (*Twombly, supra,* 550 U.S. at 555.) This requires more than "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements …" (*Iqbal, supra,* 556 U.S. at 678.)

Moreover, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. (*Roberts v. Corrothers* (9th Cir. 1987) 812 F.2d 1173, 1177; *W. Min. Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624.) The factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. (*Starr v. Baca* (9th Cir. 2011) 652 F.3d 1202, 1216.)

And, if "any amendment would be futile, there is no need to prolong the litigation by permitting … amendment.' (*Lipton v. Pathogenesis Corp.* (9th Cir. 2002) 284 F.3d 1027, 1039; *Gompper v. VISX, Inc.* (9th Cir. 2002) 298 F.3d 893, 898.).)

///

///

///

## III. THE PLEADING FAILS TO STATE FACTS ON THE PART OF DR. SOFFER GIVING RISE TO CAUSES OF ACTION FOR VIOLATION OF 15 USC SECTION 1 AND 15 USC SECTION 2

The Plaintiff alleges Violations of 15 USC Sections 1 and 2 in his Amended Complaint at pp. 23-4. These statutes are part of the Sherman Act, 15 USC Sections 1-7. These statutes, by their terms, prohibit restraint of trade and monopolies "among the several States, or with foreign nations." In other words, the Sherman Act is limited to interstate commerce or trade with foreign nations.

15 USC Section 1 provides: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court."

15 USC Section 2 provides: "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court."

A violation of 15 USC Section 1 requires a showing that the alleged conspirators "had a conscious commitment to a common scheme designed to achieve an unlawful objective." (*Monsanto Co. v. Spray-Rite Serv. Corp.* (1984) 465 U.S. 752, 764. Section 1 of the Sherman Act applies only to "concerted" activity, as opposed to the unilateral actions of a single firm. An unlawful agreement under Section 1 must be a contract, combination, or a conspiracy involving separate actors.

15 USC Section 2 makes it illegal to acquire or maintain monopoly power through improper means. The long-standing requirement to prove monopolization is both "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." (*United States v. Grinnell Corp.* (1996) 384 U.S. 563, 570-71 (1966). The offense of monopolization requires "the possession of monopoly power in the relevant market." (*Verizon Communications Inc. v. Law Offices of Curtis V. Trinko, LLP* (2004) 540 U.S. 398, 407.)

Nothing is alleged in Plaintiff's Amended Complaint whereby DR. SOFFER attempted to restrain trade or create a monopoly among the States or with foreign nations, or in any way implicates DR. SOFFER in conduct in violation of 15 USC Sections 1 and 2. Furthermore, based on the pleadings, there is no viable way by which the Plaintiff can amend to successfully set forth these causes of action against DR. SOFFER, and therefore, this Motion should be granted without leave to amend.

### IV. THE PLEADING FAILS TO STATE A CLAIM FOR CIVIL CONSPIRACY AGAINST DR. SOFFER

The Plaintiff alleges a state law cause of action for "civil conspiracy" at pages 25-26 of the Amended Complaint. There are absolutely no facts set forth against DR. SOFFER therein.

"Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration. By participation in a civil conspiracy, a coconspirator effectively adopts as his or her own the torts of other coconspirators within the ambit of the conspiracy. In this way, a coconspirator incurs tort liability co-equal with the immediate tortfeasors." *(Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 510-511.) Thus, there does not exist an independent tort of "conspiracy."

//

Furthermore, no facts are alleged showing that DR. SOFFER engaged in a conspiracy to commit any tort. In order to establish civil conspiracy, plaintiffs "must show that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it. It is not enough that the conspiring officers knew of an intended wrongful act, they had to agree—expressly or tacitly—to achieve it. Unless there is such a meeting of the minds, 'the independent acts of two or more wrongdoers do not amount to a conspiracy.'" (*Choate v. County of Orange* (2000) 86 Cal. App.4th 312, 333 (internal citations omitted).

"Liability as a co-conspirator depends upon projected joint action. 'The mere knowledge, acquiescence, or approval of the act, without cooperation or agreement to cooperate is not enough . . . .' But once the plan for joint action is shown, 'a defendant may be held liable who in fact committed no overt act and gained no benefit therefrom.'" (*Wetherton v. Growers Farm Labor Assn.* (1969) 275 Cal. App.2d 168, 176 (internal citations omitted).

"[A]ctual knowledge of the planned tort, without more, is insufficient to serve as the basis for a conspiracy claim. Knowledge of the planned tort must be combined with intent to aid in its commission. 'The sine qua non of a conspiratorial agreement is the knowledge on the part of the alleged conspirators of its unlawful objective and their intent to aid in achieving that objective.'" (*Kidron v. Movie Acquisition Corp.* (1995) 40 Cal. App.4th 1571, 1583 (internal citations omitted).

No allegations of a conspiracy to commit a tort on the part of DR. ROSENBERG are alleged, and the Court should dismiss this cause of action.

## V. CONCLUSION

Based on the foregoing, Defendant DR. SOFFER respectfully requests that the Court grant this motion and dismiss the first, second and fourth causes of action in Plaintiff's Amended Complaint as to this Defendant without leave to amend.

//

| | |
|---|---|
| Dated: June 27, 2019 | LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES |
| | By: *Victoria L. Gunther* |
| | CHRISTOPHER P. WEND |
| | VICTORIA L. GUNTHER |
| | Attorneys for Defendant, MICHAEL SOFFER, M.D. (erroneously sued and served herein as MICHAEL SOFFER) |

## DECLARATION OF VICTORIA L. GUNTHER, ESQ.

I, Victoria L. Gunther, Esq., declare as follows:

1.     I am an attorney duly licensed to practice before all the courts of the State of California, as well as being admitted to the United States District Court, Central District of California, and am an attorney with the firm of La Follette, Johnson, De Haas, Fesler & Ames, a professional corporation, attorneys of record for Defendant MICHAEL SOFFER, M.D.

2.     The following facts are within my personal knowledge, and if called as a witness, I could and would competently testify thereto.

3.     On June 26, 2019, I had a lengthy telephone conversation with Plaintiff in pro se, CARL DAVID MENDLOW, in order to satisfy the meet and confer requirement. We discussed the grounds for DR. SOFFER's F.R.C.P Rule 12(b)(6) Motion to Dismiss, and Motion to Strike Punitive Damages pursuant to F.R.C.P. Rule 12(f). Although Plaintiff said he would consider filing an amended complaint, he needed to do some additional research. Thus, DR. SOFFER had to proceed to file this Motion to Dismiss as well as his Motion to Strike, and the Court's ruling is needed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 27th day of June, 2019 at Los Angeles, California.

*/s/ Victoria L. Gunther*
Victoria L. Gunther, Esq., Declarant

CERTIFICATE OF SERVICE

STATE OF CALIFORNIA     ]
                        ] ss.
COUNTY OF LOS ANGELES ]

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. On June 27, 2019, I served a true copy of **DEFENDANT MICHAEL SOFFER, M.D.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF VICTORIA L. GUNTHER, ESQ. IN SUPPORT** on the interested parties in Re Carl David Mendlow v. Keith Klein, et al., Court Case No. LACV1901771, Our Matter No. 903.40864 CPW, by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

SEE ATTACHED MAILING LIST

Place of Mailing: <u>LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES, 865 South Figueroa Street, 32nd Floor, Los Angeles, California 90017-5431</u>
Executed on June 27, 2019, at Los Angeles, California

Please check one of these boxes if service is made by mail:

____ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

__XX__ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

__XX__ I hereby certify under the penalty of perjury that the foregoing is true and correct.

HAYDEE CHUN

Carl David Mendlow v. Keith Klein, et al.
Our File No.: 903.40864 CPW
Case No.: LACV1901771

Carl David Mendlow
4221 Lime Avenue
Long Beach, CA 90211
Phone: (949) 375-9707
Plaintiff In Pro Per
Email: Carlmendlow@gmail.com

Kathryn S.M. Mosely, Esq.
Lee M. Moulin, Esq.
LEIBL, MIRETSKY & MOSELY, LLP
5014 Chesebro Rd.
Agoura Hills, CA 91301
Phone: (818) 380-0123
Fax: (818) 380-0124
Email: kmosely@jmll.com
lmoulin@jmll.com
Attorneys for Defendants, CEDARS-SINAI MEDICAL CENTER, erroneously sued as CEDAR SINAI, PEGGY MILES, M.D., KIRAN GOLLAPUDI, M.D. and DENNIS JOSEPH THUM, M.D., erroneously sued as JOSEPH THUM, M.D.

Joseph M. Radochonski, Esq.
REBACK, McANDREWS & Blessey, LLP
1230 Rosecrans Avenue, Suite 450
Manhattan Beach, CA 90266
Phone: (310) 297-9900
Fax: (310) 297-9800
Email: jradochonski@rmblawyer.com
Attorneys for Defendant, KEITH KLEIN, M.D.

Louis H. DeHaas, Esq.
Mark B. Guterman, Esq.
LA FOLLETTE, JOHNSON, DEHAAS, FESLER & AMES
861 S. Figueroa St., 32nd Floor
Los Angeles, CA 90017
Phone: (213) 426-3600
Fax: (213) 426-3650
Email: ldehaas@ljdfa.com
mguterman@ljdfa.com
Attorneys for Defendant, MARIO ROSENBERG, M.D.